IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:05CR537 |
|---|---|---|
| Plaintiff, | ) ) | JUDGE DAVID D. DOWD |
| v. | ) ) | GOVERNMENT'S RESPONSE TO |
| JOSHAWA WEBB, | ) ) | DEFENDANT'S MOTIONS FOR: |
| Defendant. | ) ) | I. FOR LIST OF GOVERNMENT WITNESSES |
| | ) ) ) | II. EARLY PRODUCTION OF JENCKS ACT MATERIAL |
| | ) ) ) ) | III. EVIDENCE OF CRIMINAL INVESTIGATION OF ANY GOVERNMENT WITNESS |
| | ) ) ) ) ) | IV. FOR THE GOVERNMENT TO DISCLOSE TO THE DEFENDANT ANY EVIDENCE OF BIAS OR MOTIVE TO LIE |
| | ) | V. BRADY MATERIAL |

Now comes the United States of America, by and through its counsel, Gregory A. White, United States Attorney, and Blas E. Serrano, Assistant United States Attorney, and responds in the

-2-

attached Memorandum to Defendant's (I) Motion for List of Government Witnesses, (II) Motion for Early Production of Jencks Act Material, (III) Motion for Evidence of Criminal Investigation of Any Government Witnesses, (IV) Motion for the Government to Disclose to the Defendant Any Evidence of Bias or Motive to Lie, (V) Motion for Brady Material.  The government will consolidate the responses, since these motions seek the same type of information, that is, the disclosure of the identity of government witnesses, or information which will reveal the identity of witnesses.

                                Respectfully submitted,

                                GREGORY A. WHITE
                                United States Attorney

                By:   s/Blas E. Serrano
                      Blas E. Serrano
                      Assistant U.S. Attorney
                      Reg. No. 0009879
                      801 Superior Avenue, West
                      Suite 400
                      Cleveland, Ohio  44113
                      (216) 622-3873
                      blas.serrano@usdoj.gov

-3-

MEMORANDUM

Defendant Joshawa Webb, is charged in Count 1 of the indictment with conspiracy to possess with the intent to distribute cocaine and cocaine base (21 U.S.C. §846), he is also charge in one additional count with distribution of cocaine base (21 U.S.C. §841(a)(1) and (b)(1)(A).  As noted above, the Government's Response to the motions noted below, will be consolidated in this response.

(I) <u>MOTION FOR LIST OF GOVERNMENT WITNESSES</u>

(II) <u>MOTION FOR EARLY PRODUCTION OF JENCKS ACT MATERIAL</u>

(III) <u>MOTION FOR EVIDENCE OF CRIMINAL INVESTIGATION OF ANY GOVERNMENT WITNESSES</u>

(IV) <u>MOTION FOR THE GOVERNMENT TO DISCLOSE TO THE DEFENDANT ANY EVIDENCE OF BIAS OR MOTIVE TO LIE</u>

(V) <u>MOTION FOR BRADY MATERIAL</u>

Defendant Webb has moved to compel disclosure of certain information purportedly in the government's possession before trial, purportedly based on the principles of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and other case law, including <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and the Jencks Act.  The information sought by the motions captioned above are intended for the same specific purposes; that is, the disclosure of the witnesses identity and other information relating to the witnesses expected to be called at trial by the government.  For instance, an examination of

-4-

Webb's Motion for "Brady Material," as well as the other captioned motions show that the information sought by the defendant do not constitute exculpatory evidence, but rather are attempts to obtain disclosure of information which the defendant is not entitled to receive, or not entitled to receive at this time.  Merely labeling the request as "exculpatory evidence" does not make it such.  Similarly, the defendant is not entitled to early disclosure of the information requested in his other motions.

The government need not disclose its witnesses to the defendant prior to trial, nor does Due Process require such disclosure.  Wheatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 87 (1977); *Accord,* United States v. Bartle, 835 F.2d 646 (6th Cir. 1987), cert. denied, 485 U.S. 969 (1988); United States v. Perkins, 994 F.2d 1184 (6th Cir.), cert. denied, 510 U.S. 903 (1993).

In United States v. Davis, 306 F.3d 398, 420 (6th Cir. 2002), the defendant argued that the government violated his Due Process rights and engaged in misconduct by not disclosing the names of two witnesses until the middle of the trial.  The Sixth Circuit in rejecting this argument stated:

> Defendant fails to point to any authority for the proposition that the government was required pre-trial to disclose its witnesses. "Ordinarily, a defendant is not entitled to a list of the names and addresses of

-5-

the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993)(citing Fed.R.Crim.P 16)).

The defendant's request for witnesses' statements is another attempt to obtain the identity of witnesses prior to trial and outside the scope of discovery, a practice not sanctioned under Rule 16. United States v. Dark, 597 F.2d 1097 (6th Cir.), cert. denied, 100 S. Ct. 267 (1979).

Rule 16(a)(2), does not authorize the discovery of statements made by Government witnesses or prospective Government witnesses, except as provided in 18 U.S.C. §3500 . . . [Section] 3500(a) provides that "statements made by such witnesses are not subject to discovery until the witness has testified on direct examination in the trial of the case." Penix, 516 F. Supp. at 258-59; see also Rule 16(a)(3). Further, in United States v. Algie, 667 F.2d 569 (6th Cir. 1982), the court held that exigencies of administration concerning the backlog of cases did not authorize the court to require prosecutors to deviate the mandates of the Jencks' Act and that the Federal Rules of Evidence did not imply an amendment of the mandatory language of the Act to require earlier disclosure.

The government asserts that it does not have any exculpatory material in its possession. The government further avers that it will disclose all exculpatory material, if any, immediately upon discovery. As noted below, the government will provide all

-6-

Jencks and impeaching material, prior to the witness testimony with sufficient time to prevent any delay in the trial proceedings.

                                        Respectfully submitted,
                                        GREGORY A. WHITE
                                        United States Attorney

                        By:   s/Blas E. Serrano
                             Blas E. Serrano
                             Assistant U.S. Attorney
                             Reg. No. 0009879
                             801 Superior Avenue, West
                             Suite 400
                             Cleveland, Ohio  44113
                             (216) 622-3873
                             blas.serrano@usdoj.gov

-7-

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June 2006, a copy of the foregoing Government's Response to Defendant's Motion(s) (I) Motion for List of Government Witnesses, (II) Motion for Early Production of Jencks Act Material, (III) Motion for Evidence of Criminal Investigation of Any Government Witnesses, (IV) Motion for the Government to Disclose to the Defendant Any Evidence of Bias or Motive to Lie, (V) Motion for Brady Material was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.  A copy of this response was mailed by regular U.S. mail to: Joshawa Webb, Pro Se, NorthEast Correctional Center, 2240 Hubbard Road, Youngstown, Ohio, 44505.

S/Blas E. Serrano
Blas E. Serrano
Assistant U.S. Attorney